**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTONIO CANECES-GARCIA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73238

Agency No. A098-806-605

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Antonio Caneces-Garcia, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order affirming an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject petitioner's claim that he is eligible for withholding of removal based upon an imputed anti-gang political opinion or his membership in a particular social group. *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 746-47 (9th Cir. 2008) (holding that a "general aversion to gangs does not constitute a political opinion"); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, because petitioner failed to demonstrate that he was persecuted or fears persecution on account of a protected ground, we deny the petition as to his withholding of removal claim. *See Barrios*, 581 F.3d at 856.

Substantial evidence supports the BIA's finding that petitioner failed to demonstrate it is more likely than not he would be tortured by, or at the instigation

of, or with the consent or acquiescence of a public official if returned to Guatemala, and therefore we deny the petition as to petitioner's CAT claim. *See Santos-Lemus*, 542 F.3d at 747-48.

Finally, petitioner's contention that the BIA failed to articulate its reasons for denying relief is not supported by the record. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**