FILED

SEP 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARDO FABIO VELANDIA QUINONES; CLAUDIA XIMENA BELTRAN VERA, | No. 07-72206 |
| Petitioners, | Agency Nos.  A095-193-464<br>A095-193-465 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Leonardo Fabio Velandia Quinones and Claudia Ximena Beltran Vera,

natives and citizens of Columbia, petition for review of the Board of Immigration

Appeals' ("BIA") decision affirming the immigration judge's order denying their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject respondent's renewed request to strike petitioners' brief.

Quinones had several encounters with guerrillas in which they attempted to recruit him to provide information about building projects, contracts, and other government operations. Quinones contends the harm he suffered from the guerrillas was on account of his political opinion and his membership in a particular social group.[1]

Substantial evidence supports the agency's finding that Quinones failed to establish the guerrillas' actions against him were politically motivated. *See id*. at 482; *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997) (persecution by anti-government guerrillas may not, "from that fact alone, be presumed to be 'on

---

[1]To the extent Quinones contends he is a member of a social group distinct from the one the BIA considered and rejected, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

account of' political opinion"). We reject Quinones's claim that he is eligible for asylum based on his membership in a particular social group. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005) (concluding "business owners in Colombia who rejected demands by narco-traffickers to participate in illegal activity" was "too broad to qualify as a particularized social group"). Because Quinones failed to establish a nexus to a protected ground, petitioners' asylum claim fails. *See Elias-Zacarias*, 502 U.S. at 482-83.

Because petitioners did not establish eligibility for asylum, it necessarily follows they failed to satisfy the more stringent standard for withholding of removal. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995).

**PETITION FOR REVIEW DENIED.**