**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DELMY NOHEMI LINARES-HENRIQUEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-72049 <br><br> Agency No. A098-428-288 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Delmy Nohemi Linares-Henriquez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from the immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and protection under the

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Barrios v. Holder*, 581 F.3d 849, 854 (9th Cir. 2009). We deny the petition for review.

Linares-Henriquez testified a gang member harassed and followed her because she was young and attractive. Because there is no evidence in the record that Linares-Henriquez was targeted on account of any protected ground, substantial evidence supports the IJ's denial of Linares-Henriquez's asylum claim. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992); *see also Barrios*, 581 F.3d at 856 (evidence supported conclusion that gang victimized the petitioner for economic and personal reasons rather than on account of a protected ground); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (same).

Because Linares-Henriquez failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

08-72049

Substantial evidence also supports the IJ's conclusion that Linares-

Henriquez failed to establish eligibility for CAT relief because she did not establish

a likelihood of torture in El Salvador. *See Santos-Lemus*, 542 F.3d at 747-48.

Finally, Linares-Henriquez's due process contention regarding the BIA's

streamlined decision is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845,

851 (9th Cir. 2003) (BIA's summary affirmance procedure does not violate due

process).

**PETITION FOR REVIEW DENIED.**