**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANGEL CEREZO,
                            *Petitioner,*

            v.

MICHAEL B. MUKASEY, Attorney
General,
                            *Respondent.*

No. 05-74688

Agency No.
A17-169-048

ANGEL CEREZO,
                            *Petitioner,*

            v.

MICHAEL B. MUKASEY, Attorney
General,
                            *Respondent.*

No. 05-75213

Agency No.
A17-169-048

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 4, 2007*
Pasadena, California

Filed January 14, 2008

Before: Marsha S. Berzon and Sandra S. Ikuta,
Circuit Judges, and James K. Singleton,**
Senior District Judge.

---

*The panel unanimously find this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

**The Honorable James K. Singleton, United States Senior District Judge for the District of Alaska, sitting by designation.

Opinion by Judge Ikuta

**COUNSEL**

Lucas Guttentag, Monica M. Ramirez, ACLU Foundation Immigrants' Rights Project, Oakland, California, and Peter J. Eliasberg, Ahilan T. Arulanantham, ACLU Foundation of Southern California, Los Angeles, California, for the petitioner.

Jennifer J. Keeney, Department of Justice, Washington, D.C., for the respondent.

## **OPINION**

IKUTA, Circuit Judge:

In this case we consider whether a violation of California Vehicle Code § 20001(a) (leaving the scene of an accident resulting in bodily injury or death) is categorically a crime involving moral turpitude for purposes of 8 U.S.C. § 1227(a)(2)(A)(ii). We hold it is not.

I

Angel Cerezo is a native and citizen of Spain who entered the United States in 1966 and was granted immigrant status in 1973. On January 16, 1998, Cerezo was convicted in California state court of inflicting corporal injury on a spouse or cohabitant, in violation of California Penal Code § 273.5. Following this conviction, removal proceedings were initiated against Cerezo, but he was granted cancellation of removal.

According to his abstract of judgment, on November 5, 2001, Cerezo was convicted in California state court of driving under the influence, in violation of California Vehicle Code § 23153, and leaving the scene of an accident resulting in bodily injury or death, in violation of California Vehicle Code § 20001(a).[1] The government again initiated removal proceedings against Cerezo under 8 U.S.C. § 1227(a)(2)(A)(ii), which provides that aliens who have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct are deportable.[2] On Febru-

---

[1]Cerezo argues that the government did not prove by clear and convincing evidence that he had been convicted of violating § 20001(a). Because we hold that the statute does not categorically describe a crime involving moral turpitude, we need not reach this contention.

[2]8 U.S.C. § 1227(a)(2)(A)(ii) states:

Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

ary 17, 2005, an Immigration Judge (IJ) held that Cerezo's 1998 conviction for domestic abuse and his 2001 conviction for leaving the scene of an accident were both crimes of moral turpitude. The IJ then sustained the charge of removability against Cerezo and ordered him removed to Spain.

On March 30, 2005, Cerezo filed a motion to reopen, contending that his conviction under California Vehicle Code § 20001(a) was not a crime involving moral turpitude. The IJ rejected this argument and denied the motion, noting that the elements of a § 20001(a) violation include leaving the scene of an accident knowing that the accident resulted in, or was likely to result in, an injury.

Cerezo then filed two notices of appeal with the Board of Immigration Appeals (BIA), both received by the BIA on May 9, 2005. On July 7, 2005, the BIA dismissed as untimely the appeal challenging the IJ's removal order, because it was filed more than thirty days after the IJ's February 17, 2005 removal order. *See* 8 C.F.R. § 1003.38(b), (c).

The second notice of appeal sought review of the IJ's denial of Cerezo's motion to reopen. In his brief, Cerezo argued that leaving the scene of an accident resulting in bodily injury or death was not a crime involving moral turpitude.[3] The BIA disagreed, and dismissed Cerezo's appeal on August 15, 2005.

Cerezo timely petitioned this court for review of both BIA decisions. We consolidated Cerezo's two petitions for review on October 18, 2005. Cerezo has not further pursued his challenge to the BIA's decision of July 7, 2005, and we deem the argument abandoned. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993). Therefore, the only issue before us

---

[3]Cerezo also argued that his domestic violence offense was not a crime involving moral turpitude. The BIA rejected this argument and Cerezo does not raise it on appeal to this court.

is whether the BIA erred in dismissing Cerezo's appeal from the denial of his motion to reopen.[4] Cerezo raises two arguments in his appeal from the denial of his motion to reopen. First, he argues that his violation of § 20001(a) did not involve moral turpitude. Second, Cerezo contends that the government failed to prove that he pleaded guilty to a violation of § 20001(a) by clear and convincing evidence.[5]

We have "jurisdiction over the affirmance of a denial of a motion to reopen under 8 U.S.C. § 1252(a)(1)." *Lin v. Gonzales*, 473 F.3d 979, 981 (9th Cir. 2007). We review the BIA's dismissal of such a motion for an abuse of discretion. *Singh v. Gonzales*, 416 F.3d 1006, 1009 (9th Cir. 2005). The BIA abuses its discretion when it makes an error of law. *Mejia v. Ashcroft*, 298 F.3d 873, 878 (9th Cir. 2002). We review questions of law de novo. *United States v. Chu Kong Yin*, 935 F.2d 990, 1003 (9th Cir. 1991). Whether a "conviction is a crime involving moral turpitude is a question of law." *Navarro-Lopez v. Gonzales*, 503 F.3d 1063, 1067 (9th Cir. 2007) (en banc).

---

[4]Under the applicable regulations, Cerezo was required to raise his legal claim that violations of § 20001(a) are not crimes involving moral turpitude in a motion to reconsider, not a motion to reopen. *See* 8 C.F.R. § 1003.23. However, the BIA reached Cerezo's claim on the merits and dismissed it only after concluding that violations of § 20001(a) involve moral turpitude. The BIA did not reach the question whether a motion to reopen was an inappropriate method for Cerezo to bring his legal claim. Accordingly, we need not address it here. *See Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004) ("we must decide to grant or deny the petition for review based on the Board's reasoning rather than our own independent analysis of the record.").

[5]In his supplemental brief, Cerezo argues that the generic definition of crimes involving moral turpitude is unconstitutionally vague when applied to California Vehicle Code § 20001(a). Cerezo's opening brief does not raise this issue, and it is therefore waived. *Armentero v. INS*, 412 F.3d 1088, 1095 (9th Cir. 2005).

## II

**[1]** We first consider whether a violation of California Vehicle Code § 20001(a) is categorically a crime involving moral turpitude. "To determine whether a specific crime falls within a particular category of grounds for removability, we apply the categorical and modified categorical approaches set forth in *Taylor v. United States*, 495 U.S. 575 (1990)." *Quintero-Salazar v. Keisler*, 506 F.3d 688, 692 (9th Cir. 2007) (quoting *Cuevas-Gaspar v. Gonzales*, 430 F.3d 1013, 1017 (9th Cir. 2005)). Under the categorical approach, we "compare the elements of the statute of conviction with a federal definition of the crime to determine whether conduct proscribed by the statute is broader than the generic federal definition." *Id.*

**[2]** Looking first at the federal definition of the crime at issue, we have held that crimes of moral turpitude are of basically two types, "those involving fraud and those involving grave acts of baseness or depravity." *Carty v. Ashcroft*, 395 F.3d 1081, 1083 (9th Cir. 2005). We have defined the second type as involving "conduct that (1) is base, vile, or depraved and (2) violates accepted moral standards." *Navarro-Lopez*, 503 F.3d at 1068. Because a "crime involving moral turpitude" is not a separate crime at common law but rather a classification of *other* crimes, *see* 1 WAYNE R. LAFAVE, SUBSTANTIVE CRIMINAL LAW, § 1.6 (2d ed. 2003), we must also compare the crime of conviction with "crimes we have previously determined to be base, vile, and depraved — crimes such as murder, rape, and incest." *Navarro-Lopez*, 503 F.3d at 1075 (opinion of Reinhardt, J., writing for the majority). We have held that such crimes necessarily include willfulness or evil intent. *Quintero-Salazar*, 506 F.3d at 693.[6]

---

[6]In determining the generic federal definition of a crime in the Immigration and Naturalization Act, we defer to the BIA if the statute is silent or ambiguous and if the BIA's interpretation is set forth in a precedential decision or regulation and is based on a permissible construction of the

After defining the generic federal crime at issue, we turn to the state statute of conviction. "[T]he issue is whether the full range of conduct encompassed by the statute constitutes a crime of moral turpitude." *Id.* at 692. The state crime at issue here is defined by California Vehicle Code § 20001(a). That section, entitled "Duty to stop at scene of injury accident," provides:

> The driver of any vehicle involved in an accident resulting in injury to any person, other than himself or herself, or in the death of any person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004.

Section 20003, entitled "Duty upon injury or death," provides:

> (a)   The driver of any vehicle involved in an accident resulting in injury to or death of any person shall also give his or her name, current residence address, the names and current residence addresses of any occupant of the driver's vehicle injured in the accident, the registration number of the vehicle he or she is driving, and the name and current residence address of the owner to the person struck or the driver or occupants of any vehicle collided with, and shall give the information to any traffic or police officer at the scene of the accident. The driver also shall render to any person injured in the accident reasonable assistance, including transporting, or making arrangements for transporting, any injured person to

---

statute. *Kharana v. Gonzales*, 487 F.3d 1280, 1283 n.4 (9th Cir. 2007); *Parilla v. Gonzales*, 414 F.3d 1038, 1041 (9th Cir. 2005) (quoting *INS v. Aguirre-Aguirre*, 526 U.S. 415 (1999)). We have previously noted that the BIA employs the same definition of "crimes of moral turpitude" as do the federal courts. *Navarro-Lopez,* 503 F.3d at 1068.

a physician, surgeon, or hospital for medical or sur-gical treatment if it is apparent that treatment is nec-essary or if that transportation is requested by any injured person.

(b)   Any driver or injured occupant of a driver's vehicle subject to the provisions of subdivision (a) shall also, upon being requested, exhibit his or her driver's license, if available, or, in the case of an injured occupant, any other available identification, to the person struck or to the driver or occupants of any vehicle collided with, and to any traffic or police officer at the scene of the accident.

Section 20004, entitled "Duty upon death," provides:

"In the event of death of any person resulting from an accident, the driver of any vehicle involved after fulfilling the requirements of this division, and if there be no traffic or police officer at the scene of the accident to whom to give the information required by Section 20003, shall, without delay, report the accident to the nearest office of the Department of the California Highway Patrol or office of a duly authorized police authority and submit with the report the information required by Section 20003.

**[3]** Reading § 20001(a) literally, a driver in an accident resulting in injury who stops and provides identification, but fails to provide a vehicle registration number, has violated the statute. The failure to provide a vehicle registration number under such circumstances is not base, vile and depraved; nor does it necessarily evince any willfulness or evil intent, a req-uisite element of crimes of moral turpitude. *Quintero-Salazar*, 506 F.3d at 693.

The government contends that such a literal application of the statute is not realistic and argues that there must be "a

realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 127 S. Ct. 815, 822 (2007). We cannot, however, ignore the plain language of § 20001(a). *Duenas-Alvarez* does caution us against "conjur[ing] up some scenario, however improbable, whereby a defendant might be convicted under the statute in question even though he did not commit an act encompassed by the federal provision." *United States v. Carson*, 486 F.3d 618, 620 (9th Cir. 2007) (per curiam). But where, as here, the state statute plainly and specifically criminalizes conduct outside the contours of the federal definition, we do not engage in judicial prestidigitation by concluding that the statute "creates a crime outside the generic definition of a listed crime." *Duenas-Alvarez*, 127 S. Ct. at 822.

That said, we must still consider whether California courts have interpreted the scope of § 20001(a) more narrowly so as to make it applicable only to conduct which involves moral turpitude. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 577 (1996) ("[O]nly state courts may authoritatively construe state statutes.") The government points to several long-standing state court decisions indicating that § 20001(a) is to be construed realistically, and that its affirmative reporting requirements should be interpreted as a more general obligation for a driver to provide identification after an accident. *See People v. Rallo*, 119 Cal. App. 393, 402 (Cal. Dist. Ct. App. 1931); *People v. Scofield*, 203 Cal. 703, 708 (1928) ("[I]t is obvious that criminal liability should not attach in all cases where a literal application of the language of the statute might be made.")

More recently, a California appellate court interpreted § 20001(a) as constituting a crime of moral turpitude for purposes of California evidence law because it "more than likely" involves an evil intent. *People v. Bautista*, 217 Cal. App. 3d 1, 7 (Cal. Ct. App. 1990). In *Bautista*, the court rejected appellant's argument that § 20001(a) was not a crime of moral

turpitude because failing to give one's name "could simply be the result of neglect without evil intent." *Id.* at 6. Such a scenario, the court held, was merely the appellant's imagination of "a set of circumstances under which a penal statute can be violated without moral fault." *Id.* The state court emphasized the purpose of the statute, which was "to prevent the driver of a car involved in an accident from leaving the scene without furnishing information as to his identity and to prevent him from escaping liability." *Id.* at 7. Noting it was "more than likely that one who is involved in an injury-accident and leaves the scene before giving the required identifying information is seeking to evade civil or criminal prosecution," the court concluded that "[o]ne can certainly infer that such a mental state indicates a 'general readiness to do evil' or moral turpitude." *Id.* However, the court stopped short of providing a binding interpretation of the statute that would preclude a conviction under § 20001(a) for mere negligence in failing to provide one type of identifying information required by the statute.

By contrast, other California appellate courts have interpreted § 20001(a) as requiring drivers to complete each of the incorporated reporting requirements of § 20003 and § 20004.

> 'The various requirements of the statute are set forth in the conjunctive and omission to perform any one of the acts required constitutes an offense.' . . . This statement was made . . . to illustrate that, even though the defendant there did stop at the scene of the crime, he nevertheless was guilty of a violation of the statute by failing to comply with the other requirements.

*People v. Newton*, 155 Cal. App. 4th 1000, 1003-1004 (Cal. Ct. App. 2007) (quoting *Bailey v. Superior Court*, 4 Cal. App. 3d 513, 519 (Cal. Ct. App. 1970)); *see also People v. Limon*, 252 Cal. App. 2d 575, 578 (Cal. Ct. App. 1967) ("Omission to perform any one of the acts required by section 20001 . . .

constitutes the offense.”); *People v. Jordan*, 214 Cal. App. 2d 400, 403 (Cal. Dist. Ct. App. 1963) (“[The defendant’s] failure to perform any of the acts required by the statute constitutes a violation thereof.”).

**[4]** Although the issue is close, because the plain language of the statute criminalizes failure to provide all required forms of identification, and because some California courts have held that “[t]he various requirements of [§ 20001] are set forth in the conjunctive and omission to perform any one of the acts required constitutes an offense,” *Newton*, 155 Cal. App. 4th at 1003 (internal quotation marks omitted), we cannot conclude that the elements of § 20001(a) “are of the type that would justify its inclusion” within the federal definition of crimes involving moral turpitude. *James v. United States*, 127 S. Ct. 1586, 1594 (2007). Our conclusion on this issue is consistent with the Fifth Circuit’s decision in *Garcia-Maldonado v. Gonzales*, 491 F.3d 284, 288-89 (5th Cir. 2007), holding that a conviction under § 550.021 of the Texas Transportation Code, which could be violated both by reprehensible conduct (leaving the scene of an accident) and by conduct that was not morally culpable (failing to affirmatively report identifying information), was not categorically a crime involving moral turpitude.

### III

**[5]** Having concluded that § 20001(a) does not categorically involve moral turpitude, and because the statute “is divisible into several crimes, some of which may involve moral turpitude and some of which may not,” *Navarro-Lopez*, 503 F.3d at 1073, we would ordinarily turn to the modified categorical approach. Under that approach we examine certain judicial records to determine whether a defendant was necessarily convicted of the elements of the federal generic crime. *See Shepard v. United States,* 544 U.S. 13, 20-21 (2005). Here, however, the record contains only the abstract of judgment, which simply states that Cerezo pleaded guilty to a vio-

lation of § 20001(a). Therefore, the modified categorical approach does not alter our analysis.[7] *See Quintero-Salazar*, 506 F.3d at 694.

## IV

In sum, based on the plain language of the statute as currently interpreted by California courts, California Vehicle Code § 20001(a) is not categorically a crime involving moral turpitude. Because the modified categorical approach does not alter our analysis, we must conclude on the basis of this record that the government has not met its burden of proving that Cerezo committed a crime involving moral turpitude. *See Sinotes-Cruz v. Gonzales*, 468 F.3d 1190, 1194-95 (9th Cir. 2006) (discussing the government's burden).

**PETITION GRANTED**

---

[7]We therefore neither consider nor decide whether any of the ways in which § 20001(a) could be violated would be crimes involving moral turpitude under the modified categorical approach.