**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSCAR ANTONIO RIVAS-CRUZ, | No. 08-72132 |
| Petitioner, | Agency No. A098-039-953 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Oscar Antonio Rivas-Cruz, a native and citizen of El Salvador, petitions for

review of the Board Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

Substantial evidence supports the BIA's conclusion that Rivas-Cruz's vocal opposition to the MS-13 gang did not constitute a political opinion. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746-67 (9th Cir. 2008) at 746-47 (opposition to gang activity is not a political opinion). We reject Rivas-Cruz's claim that he is eligible for asylum and withholding of removal based on his membership in a particular social group, namely, young El Salvadorean males who refuse to join gangs. *See Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Santos-Lemus*, 542 F.3d at 745-46 (rejecting as a particular social group "young men in El Salvador resisting gang violence") (internal quotation omitted). Substantial evidence also supports the BIA's conclusion that the threats Rivas-

Cruz received from a gang member did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003).

Accordingly, because Rivas-Cruz failed to demonstrate that he suffered harm that rose to the level of persecution or that it was on account of a protected ground, we deny the petition as to his asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 855-56.

Rivas-Cruz's contention that the BIA violated *jus cogens* lacks merit.

Rivas-Cruz does not otherwise challenge the BIA's denial of his CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Considering our holding in *Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 1999), Rivas-Cruz' motion to remand is denied.

**PETITION FOR REVIEW DENIED.**