FILED

**NOT FOR PUBLICATION**

DEC 29 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEAN BERTULFO JIMENEZ; EMEE
SALAZAR-JIMENEZ,

            Petitioners,

   v.

ERIC H. HOLDER Jr., Attorney General,

            Respondent.

No. 07-71884

Agency Nos. A098-264-025
                    A098-264-026

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

     Sean Bertulfo Jimenez, and his wife, Emee Salazar-Jimenez, natives and

citizens of the Philippines, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ")

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

DL/Research

decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

We do not reach petitioners' challenge to the IJ's denial of asylum on the merits, because petitioners failed to exhaust the IJ's dispositive finding that their asylum application was time-barred.

We reject petitioners' claim that they are eligible for withholding of removal based on Jimenez's membership in a particular social group, namely, persons who oppose and fear both the Kuratong Beleleng criminal gang, and Ricardo Uy, a member of that gang. *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang

violence") (internal quotation omitted). Accordingly, because petitioners failed to

demonstrate that any persecution would be on account of a protected ground, we

deny the petition as to petitioners' withholding of removal claim.

We lack jurisdiction to consider petitioners' challenge to the denial of CAT

relief and their contention regarding interpretation errors, because those issues

were not exhausted before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78

(9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**