**NOT FOR PUBLICATION**

MAR 25 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARIO RENE DISCUA-CASTILLO, a.k.a. Mario Castillo,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 07-74312<br><br>Agency No. A076-705-532<br><br>MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2010 [**]

Before:    SCHROEDER, PREGERSON, and RAWLINSON, Circuit Judges.

Mario Rene Discua-Castillo, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KV/Research

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008),

except to the extent that deference is owed to the BIA's determination of the

governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th

Cir. 2004).  We review factual findings for substantial evidence.  *Zehatye v.

Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for

review.

The record does not compel the conclusion that Discua-Castillo established

extraordinary circumstances excusing the untimely filing of his asylum application.

*See* 8 C.F.R. § 1208.4(a)(5); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.

2007) (per curiam).  Accordingly, Discua-Castillo's asylum claim fails.  In

addition, we reject Discua-Castillo's contention that the BIA's determination

violated due process.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)

(requiring error for due process violation).

We reject Discua-Castillo's claim that he is eligible for withholding of

removal on account of his anti-gang political opinion, or based on his membership

in a particular social group, namely Hondurans actively opposed to gangs.  *See

Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-47 (9th Cir. 2008).  In addition,

substantial evidence supports the BIA's finding that Discua-Castillo failed to

establish gang members targeted him and his family on account of their familial relationship. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992).

Accordingly, because Discua-Castillo failed to demonstrate that he was persecuted or that he fears persecution on account of a protected ground, we deny the petition as to his withholding of removal claim. *See Santos-Lemus*, 542 F.3d at 748.

**PETITION FOR REVIEW DENIED.**