**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| NURIA PATRICIA ORELLANA-MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73722 <br><br> Agency No. A099-675-772 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010**

Before:    TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Nuria Patricia Orellana-Martinez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

application for asylum.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

We reject Orellana-Martinez's claim that she is eligible for asylum based on her membership in a particular social group, namely, individuals who have had their lives directly threatened because of their actions in defiance of the gangs. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence"). We also reject Orellana-Martinez' political opinion claim based on her resistance to the gangs. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992) (resisting forced recruitment does not necessarily constitute persecution on account of political opinion); *Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009) (resistance to gang recruitment does not constitute political opinion); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Because Orellana-Martinez failed to demonstrate that she was persecuted on

account of a protected ground, we uphold the agency's denial of her asylum claim. *Id.* at 856.

To the extent Orellana-Martinez contends she is a member of a particular social group of attractive young women targeted by gangs for sexual assault, we lack jurisdiction to consider the contention because she did not exhaust it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**