**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTOS ISMAEL SIERRA-PALACIOS, | No. 07-73746 |
| Petitioner, | Agency No. A098-113-283 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Santos Ismael Sierra-Palacios, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal

from an immigration judge's decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Sierra-Palacios's claim that the BIA erred in streamlining his case fails because the BIA did not streamline the case.

We reject Sierra-Palacios's claim that he is eligible for asylum and withholding of removal based on his membership in a particular social group, namely, people who have been actively recruited by gangs but who have refused to join because they oppose gangs. *See Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Ramos-Lopez v. Holder*, 563 F.3d 855, 859-62 (9th Cir. 2009) (rejecting as a particular social group "young Honduran men who have been recruited by gangs but refuse to join"). We also reject Sierra-Palacios's claim that his refusal to join a gang is an expression of a political opinion. *See Ramos-Lopez*, 563 F.3d at 862 (rejecting political opinion claim where petitioner "allege[d] no

2

facts in support of a political opinion, actual or imputed, beyond his refusal to join the [gang]"). Finally, substantial evidence supports the agency's finding that the robbery of Sierra-Palacios's sister was an isolated incident of violence unrelated to him. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (robberies were random criminal acts that bore no nexus to a protected ground). Accordingly, because Sierra-Palacios failed to demonstrate persecution or a well-founded fear of persecution on account of a protected ground, we deny the petition as to his asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856.

Finally, substantial evidence supports the agency's denial of CAT relief because Sierra-Palacios failed to establish it is more likely than not that he would be tortured if returned to El Salvador. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**