FILED

MAY 24 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALMA PATRICIA MARTINEZ GODOY, | No. 07-72999 |
| Petitioner, | Agency No. A072-009-704 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 11, 2011
San Francisco, California

Before: B. FLETCHER and THOMAS, Circuit Judges, and ROSENTHAL,
District Judge.[**]

Petitioner Alma Patricia Martinez Godoy ("Martinez"), a native and citizen

of Guatemala, petitions for review of the Board of Immigration Appeals (BIA)'s

decision adopting and affirming an immigration judge (IJ)'s denial of her

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Lee H. Rosenthal, District Judge for the U.S. District
Court for Southern Texas, Houston, sitting by designation.

application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We review the agency's legal conclusions de novo, *see Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008); factual findings for substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B); and the discretionary decision to deny asylum to an eligible petitioner for an abuse of that discretion, *see Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004). We grant the petition and remand for further proceedings.

1.      The BIA erred in holding that because Martinez herself was not physically harmed by her putative persecutors, she did not suffer past persecution. Under our circuit's well-established precedent, death threats, when combined with other factors present here (including the murders of family members and physical confrontations with persecutors), may constitute persecution. *See, e.g., Smolniakova v. Gonzales*, 422 F.3d 1037, 1048–49 (9th Cir. 2005); *Khup v. Ashcroft*, 376 F.3d 898, 904 (9th Cir. 2004); *Ruano v. Ashcroft*, 301 F.3d 1155, 1160–61 (9th Cir. 2002); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("[M]enacing death threats can constitute a primary part of a past persecution claim, particularly where those threats are combined with confrontation or other mistreatment."). The BIA erred in holding to the contrary.

Given that Martinez established past persecution, she is entitled to a presumption that her fear of future persecution is well-founded. *See* 8 C.F.R. § 208.13(b)(1). Because the BIA held that Martinez did not suffer past persecution, it did not give her the benefit of this presumption, and has yet to consider whether the Government has rebutted this presumption. *See id.* § 208.13(b)(1)(i)–(ii). We therefore remand to the BIA for it to consider this question in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam).

2. The agency also abused its discretion in holding that, even if Martinez were eligible for asylum, it would deny her claim as a matter of discretion based on her admittedly false testimony regarding ancillary matters. Under *Matter of Pula*, 19 I. & N. Dec. 467, 474–76 (BIA 1987), *superceded by statute in part as recognized in Andriasian v. INS*, 180 F.3d 1033, 1043–44 & n.7 (9th Cir. 1999), the BIA is required to weigh at least nine factors in deciding whether to deny asylum as a matter of discretion. Here, however, the IJ considered only a single factor: Martinez's false testimony. "We have repeatedly held that in an exercise of discretion related to an application for asylum, all relevant favorable and adverse factors must be considered and weighed." *Gulla v. Gonzales*, 498 F.3d 911, 916 (9th Cir. 2007) (quotation marks and citation omitted). The agency's failure to do

so here was an abuse of discretion. We therefore remand for it to reconsider its discretionary denial of asylum in light of all of the *Pula* factors, including the presumption that Martinez would be persecuted if returned to Guatemala. *See Kalubi*, 364 F.3d at 1141 ("There is no question that '[i]n determining whether to grant asylum as a discretionary matter, the likelihood of future persecution is a particularly important factor to consider.'" (citation omitted)). On remand, the BIA must "state its reasons and show proper consideration of all factors when weighing equities and denying relief" and "explain what factors it has considered or relied upon sufficiently that we are able to discern that it has heard, considered, and decided." *Id.* at 1140–41 (quotation marks and citations omitted).

**PETITION GRANTED; REMANDED.**