**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO MENDOZA-ATTILA, | No. 10-72250 |
| Petitioner, | Agency No. A098-765-030 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 2, 2011[**]

Before:     RYMER, IKUTA, and N.R. SMITH, Circuit Judges.

Mario Mendoza-Attila, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

In his opening brief, Mendoza-Attila does not challenge the agency's dispositive determination that his asylum claim was time-barred.

Substantial evidence supports the BIA's determination that Mendoza-Attila did not experience past persecution when he was robbed by gangs. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) ("Random, isolated criminal acts perpetrated by anonymous thieves do not establish persecution."). We reject Mendoza-Attila's claim that he is eligible for withholding of removal based on his anti-gang political opinion or membership in a particular social group. *See Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-47 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence," and concluding

general aversion to gangs is not a political opinion). Substantial evidence also supports the BIA's determination that Mendoza-Attila did not experience past persecution and does not face a likelihood of future persecution on account of his Mam ethnicity. *See Fisher v. INS*, 79 F.3d 955, 962 (9th Cir. 1996) (en banc) (persecution generally "does not include mere discrimination, as offensive as it may be"). Accordingly, because Mendoza-Attila failed to demonstrate that he has been or is likely to be persecuted on account of a protected ground, we deny the petition as to his claim for withholding of removal. *See Barrios,* 581 F.3d at 856.

Finally, substantial evidence supports the BIA's denial of CAT protection because Mendoza-Attila failed to establish it is more likely than not he will be tortured by or with the acquiescence of anyone in the Guatemalan government if he returns to Guatemala. *See Santos-Lemus*, 542 F.3d at 747-48.

**PETITION FOR REVIEW DENIED.**