**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OCTAVIO GONZALEZ OVIEDO,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   16-73778<br><br>Agency No. A073-932-684<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Octavio Gonzalez Oviedo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing Oviedo's

appeal from an immigration judge's ("IJ") decision denying Oviedo's application

for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT").

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Oviedo failed to show past persecution. Specifically, substantial evidence supports the agency's determination that Oviedo failed to establish that the extortion he suffered at the hands of Mexican police rose to the level of persecution, *see Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation omitted)), or that the attempted kidnapping by unknown individuals was on account of a protected ground, *see INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide some evidence of [motive], direct or circumstantial"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

As to Oviedo's fear of future persecution, substantial evidence supports the agency's determination that Oviedo failed to establish a nexus between the harm

2

he fears and a protected ground. *See Elias-Zacarias*, 502 U.S. at 483; *Zetino*, 622 F.3d at 1016. Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground).

Thus, Oviedo's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Oviedo failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**