**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 25 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATANAEL HERNANDEZ-MELARA, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-72788 Agency No. A202-073-989 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2019**

Before: FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

Natanael Hernandez-Melara, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum

and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The agency did not err in finding that Hernandez-Melara failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's determination that Hernandez-Melara failed to establish that any harm he experienced or fears in El Salvador was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus,

Hernandez-Melara's asylum and withholding of removal claims fail.

**PETITION FOR REVIEW DENIED.**