NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL ALFONSO PAZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-72345 Agency No. A073-914-628 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 2, 2020**

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Manuel Alfonso Paz, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

under 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The agency did not err in finding that Paz did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Paz's withholding of removal claim fails.

In light of this disposition, we need not reach Paz's contentions regarding nexus, the severity of his past harm, or the likelihood of future harm in El Salvador. *See Simeonov*, 371 F.3d at 538 (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's denial of CAT relief because Paz failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*,

17-72345

589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**