**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANUYYS RAUL SANCHEZ-RIVERA, | No. 09-73883 |
| Petitioner, | Agency No. A098-506-805 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:  FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Danuyys Raul Sanchez-Rivera, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject Sanchez-Rivera's claim that he is eligible for asylum and withholding of removal based on his anti-gang political opinion or membership in a particular social group. *See Barrios v. Holder*, 581 F.3d 849, 854-55 (9th Cir. 2009) (rejecting as a particular social group "young males in Guatemala who are targeted for gang recruitment but refuse because they disagree with the gang's criminal activities"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence," and holding that general aversion to gangs is not a political opinion). Accordingly, because Sanchez-Rivera failed to demonstrate that he was or will be persecuted on account of a protected ground, we deny the petition as to his asylum and withholding claims. *See Barrios v. Holder*, 581 F.3d at 856.

Substantial evidence supports the BIA's denial of CAT protection because

Sanchez-Rivera failed to establish it is more likely than not he will be tortured with the acquiescence of anyone in the El Salvadoran government if he returns to El Salvador. *See Santos-Lemus*, 542 F.3d at 747-48.

We reject Sanchez-Rivera's contention that the IJ violated his due process rights, because the BIA's de novo review rendered any errors by the IJ harmless. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir. 1995). We also reject Sanchez-Rivera's claim that the BIA failed to evaluate and/or note the IJ's errors. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim). Finally, we reject Sanchez-Rivera's claim that the BIA violated his due process rights by not reviewing his appeal with a full three-member panel. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849-51 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**