**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA CECILIA RODRIGUEZ-FLORES, et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70739 <br><br> Agency Nos.  A099-677-111 <br> A099-677-112 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Ana Cecilia Rodriguez-Flores and her daughter, natives and citizens of

Honduras, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Rodriguez-Flores contends she suffered past persecution and has a well-founded fear of future persecution by gangs in Honduras on account of her political opinion and her membership in a particular social group. Substantial evidence supports the agency's finding that Rodriguez-Flores failed to show past persecution or a well-founded fear of future persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992); *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to meet the lower burden of proof for asylum, their claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

09-70739

In addition, substantial evidence supports the BIA's finding that Rodriguez-Flores failed to demonstrate it is more likely than not she would be tortured by, or at the instigation of, or with the consent or acquiescence of a public official if returned to Honduras. Accordingly, we deny the petition as to Rodriguez-Flores' CAT claim. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

Finally, we reject petitioners' contention that the IJ's credibility-related findings deprived them of a fair hearing, because the BIA evaluated their claim assuming it to be credible. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

09-70739