**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JUAN C. VELASQUEZ PAZ, a.k.a. Juan Paz, a.k.a. Juan Carlos Paz Velasquez, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71561 <br><br> Agency No. A094-292-560 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Juan Carlos Velasquez Paz, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the agency's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

We reject Valesquez Paz's claim that he is eligible for asylum and withholding of removal based on his political opinion. *See Barrios v. Holder*, 581 F.3d 849, 852-53 (9th Cir. 2009) (holding that a refusal to join a gang does not constitute a political opinion); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (rejecting as a political opinion "a general aversion to gangs"). We lack jurisdiction to consider Velasquez Paz's claim that he faces persecution based on membership in an unspecified social group, because he failed to raise this issue to the agency. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam) (a petitioner will be deemed to have exhausted "only those issues he raised and argued in his brief before the [agency]"). Accordingly, because Velasquez Paz failed to demonstrate that he was persecuted or fears persecution on account of a

protected ground, we deny the petition as to his asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856.

Finally, substantial evidence supports the agency's denial of CAT relief, because Velasquez Paz did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Honduran government. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**