**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES ALBERTINUS KOWAAS, AKA John Doe, AKA Romy Alryt Pondaag, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70054 <br><br> Agency No. A077-318-181 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2014[**]
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and BYBEE, Circuit Judges.

In denying asylum to Romy Alryt Pondaag, both the Immigration Judge (IJ)

and the Board of Immigration Appeals (BIA) relied on Pondaag's failure to meet

his burden of showing that it would not be reasonable for him to relocate within

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Indonesia. 8 C.F.R § 1208.13(b)(2)(ii). Pondaag's opening brief does not dispute the internal relocation finding. Rather, he argues that the burden of persuasion should have shifted to the government because he demonstrated past persecution.

Both the IJ and the BIA concluded that Pondaag had failed to demonstrate past persecution. Pondaag points to three harms that he has faced because of his religion: (1) employment discrimination, (2) hindering of prayer meetings when neighbors threw rocks at his home, and (3) a bruise resulting from stones thrown at his back on one occasion. As noted by the IJ, Pondaag never sought medical treatment for his bruise, and no person was physically injured by the rocks thrown during prayer meetings. In fact, Pondaag was able to continue the prayer meetings, and his house did not suffer so much damage as to prevent him from continuing to live there.

We are unable to conclude that the record compels a finding of past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1151, 1153 (9th Cir. 2005) (describing damage to a petitioner's car and bicycle as "*de minimis*"); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (holding that the record did not compel a conclusion of past persecution based on the petitioner having been fired because of her religious beliefs); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182–83 (9th Cir. 2003) (holding that there was substantial evidence to support a finding of lack of past

persecution despite the fact that the petitioner had suffered "extensive facial bruises and two broken ribs" in an attack).

Because Pondaag "has not established past persecution," he bore "the burden of establishing that it would not be reasonable for him . . . to relocate, unless the persecution is by a government or is government-sponsored."  8 C.F.R. § 1208.13(b)(3)(i).  He neither challenges the finding that he did not meet that burden nor argues that any purported future persecution will be by, or sponsored by, the Indonesian government.  *See, e.g.*, *Cerezo v. Mukasey*, 512 F.3d 1163, 1165 n.5 (9th Cir. 2008) (ruling that issues not raised in an opening brief are waived).  The relocation finding is dispositive as to fear of future persecution.  8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country . . . if under all the circumstances it would be reasonable to expect the applicant to do so.").  We therefore will not consider Pondaag's separate arguments that the IJ and the BIA erred in failing to find that he has a well-founded fear of future persecution.

Because Pondaag's asylum argument fails, we also reject his withholding of removal argument.  *See Nahrvani*, 399 F.3d at 1154.

The IJ concluded that there was no evidence that Pondaag had previously been tortured or that the Indonesian government would want to hurt Pondaag in the future. Pondaag argues that the IJ ignored a 2004 Religious Freedom Report from the State Department showing that Indonesian Christians face torture. Without citation of the record, Pondaag purports to quote and paraphrase the report. Although that document appears in the record, it does not contain the statements that Pondaag attributes to it. We cannot fault the IJ for ignoring evidence that was not before her. Accordingly, we conclude that substantial evidence supports the denial of relief under the Convention Against Torture.[1]

**PETITION DENIED.**

---

[1] In light of our decision upholding the IJ and BIA determinations, the government's Motion to Strike Petitioner's August 7, 2014 Letter Filed with the Court is DENIED as moot.