**Heydi CHAVEZ–PAEZ, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

No. 13–70780

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

October 3, 2017

Jenny Tsai, Green & Tsai, Attorneys at Law, San Francisco, CA, for Petitioner.

Suzanne Nardone, OIL, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Heydi Chavez–Paez, a native and citizen of El Salvador, petitions for the review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Chavez–Paez established extraordinary or changed circumstances to excuse her untimely asylum application. *See* 8 C.F.R. §§ 1208.4(a)(4), (5). Thus, we deny the petition as to asylum.

Substantial evidence supports the agency's denial of CAT relief because Chavez–Paez failed to establish it is more likely

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya*, 524 F.3d at 1073.

As to withholding of removal, the BIA did not have the benefit of *Barajas-Romero v. Lynch*, 846 F.3d 351 (9th Cir. 2017) (holding that the "one central reason" standard applies to asylum but not withholding of removal). In addition, when the agency found that Chavez-Paez failed to demonstrate the harm she suffered and fears were on account of a protected ground, it did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014) ("married women in Guatemala who are unable to leave their relationship" can constitute a cognizable social group), *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we grant the petition for review and remand Chavez-Paez's withholding of removal claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Love's request for oral argument, set forth in her opening brief, is denied.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.