**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE MARIO ENRIQUE CLAVEL-RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.    15-71964 <br><br> Agency No. A094-464-440 <br><br> MEMORANDUM* |

On Petition for Review of an Order of an
Immigration Judge's Decision

Submitted November 15, 2017**

Before:     CANBY, TROTT, and GRABER, Circuit Judges.

Jose Mario Enrique Clavel-Ramirez, a native and citizen of El Salvador,

petitions for review of an immigration judge's ("IJ") determination under 8 C.F.R.

§ 1208.31(a) that he did not have a reasonable fear of persecution or torture and

thus is not entitled to relief from his reinstated removal order.  We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We deny the petition for review.

Clavel-Ramirez's contentions as to asylum eligibility in the context of reinstated removal orders fail. *See Perez-Guzman v. Lynch*, 835 F.3d 1066 (9th Cir. 2016).

Clavel-Ramirez alleges past harm and fears future extortion and harm by gang members in El Salvador if returned. Substantial evidence supports the IJ's conclusion that Clavel-Ramirez failed to establish a reasonable possibility of future persecution in El Salvador on account of a protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, (9th Cir. 2017) ("A person seeking withholding of removal must prove not only that his life or freedom will be threatened in his home country, but also that the threat is 'because of' one of the five [protected grounds]."); *see also Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular group, "[t]he applicant must establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.")

2

(citation and internal quotation marks omitted).

Substantial evidence also supports the IJ's conclusion that Clavel-Ramirez failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government of El Salvador. *See Andrade-Garcia*, 828 F.3d at 836-37.

**PETITION FOR REVIEW DENIED.**