NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS ALBERTO ALVARADO, AKA
Eduardo Marauiega-Mata,

Petitioner,

v.

MATTHEW G. WHITAKER, Acting
Attorney General,

Respondent.

No.    17-73499

Agency No. A205-386-861

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018**

Before:      WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Carlos Alberto Alvarado, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' order affirming an immigration

judge's decision denying his application for withholding of removal and relief

under the Convention Against Torture ("CAT").  We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for review.

Substantial evidence supports the agency's determination that Alvarado failed to establish that any harm he experienced or fears in Honduras was or would be on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (rejecting petitioner's claim where he "provided no evidence that his opposition to the gang's criminal activity was based on political opinion"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *see also Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable

2                                                                                          17-73499

characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Thus, Alvarado's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of Alvarado's CAT claim because Alvarado did not demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Honduras. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

**PETITION FOR REVIEW DENIED.**