**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LERIUS FRANCOIS, | No. 17-73014 |
| Petitioner, | Agency No. A209-141-352 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2019**
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and RAKOFF,*** District Judge.

Petitioner Lerius Francois, a native and citizen of Haiti, applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Francois claims that he fears persecution if he is removed to Haiti because of a family land dispute. After a merits hearing, the Immigration Judge ("IJ") denied Francois' application. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision. We have jurisdiction under 8 U.S.C. § 1252, and we deny Francois' petition.

We review the IJ's factual findings for substantial evidence. *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "We will uphold the finding 'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (quoting *Garcia*, 749 F.3d at 789); *see also* 8 U.S.C. § 1252(b)(4)(B) (agency's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). The Court reviews questions of law de novo. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008).

Substantial evidence supports the IJ's adverse credibility finding. The IJ noted that when Francois arrived at the United States border, he initially told immigration authorities that he was coming to the United States "to find a better life." When asked if he would be harmed if he were returned to Haiti, Francois answered: "[n]o one would harm me but it is insecure." Francois then testified in front of the IJ, and the IJ noted that his answers "are 180 degrees with one another." The IJ noted, for example, that Francois "under oath said he had no fear

of going back to Haiti, yet today he swears he will be killed if he goes back to Haiti." The statements Francois made at the border were given under oath, were administered in Creole, and Francois initialed each page of his statement. It was reasonable for the IJ to rely on those statements when making the credibility determination. *Cf. Singh v. Gonzales*, 403 F.3d 1081, 1085-90 (9th Cir. 2005) (holding that certain features of an asylum interview, such as whether it was administered under oath and in the native language, can make the interview unreliable for purposes of a credibility determination). We are not compelled to conclude to the contrary.

Even if Francois were found to be credible, he did not meet the statutory requirements for asylum. "An individual qualifies as a refugee when he is 'unable or unwilling to return to [his country of nationality] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014) (alteration added) (quoting 8 U.S.C. § 1101(a)(42)(A)). The violence that Francois fears relates to a family land dispute between his mother and his uncle, and Francois does not demonstrate that he was or will be persecuted on account of his familial ties. *Cf. Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015). Francois has therefore failed to show persecution on

account of his membership in a particular social group.[1]

Francois argues that the IJ failed to sufficiently apprise him of the proceedings and what he must provide to establish his eligibility for relief. A noncitizen facing deportation proceedings is entitled to a full and fair hearing on his claims and a reasonable opportunity to present evidence on his behalf. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006). The record indicates that the IJ gave a detailed explanation of the removal hearing and the rights of petitioners in such hearings. The proceeding was not fundamentally unfair. *Id.*

Francois also argues the IJ failed to fully develop the record. Even assuming Francois could show that his due process rights were violated in this regard, he failed to demonstrate prejudice. *Id.* at 621 (requiring the applicant to show that the outcome of the proceeding was affected by the due process violation).

**DENIED**.

---

[1] Because Francois failed to show that he was persecuted because of his membership in a particular social group, he also fails to demonstrate eligibility for withholding of removal. *Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010) (citing 8 U.S.C. § 1231(b)(3) to explain eligibility for withholding of removal).

4