NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICARDO RIDMER JERONIMO-MATIAS,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    14-73694

Agency No. A099-581-761

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019[**]

Before:      CANBY, GRABER, and MURGUIA, Circuit Judges.

Ricardo Ridmer Jeronimo-Matias, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum and withholding of removal.  We have jurisdiction under 8

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252. We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny the petition for review.

The agency did not err in finding that Jeronimo-Matias failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's determination that Jeronimo-Matias failed to establish a well-founded fear of persecution in Guatemala on account of his Mam ethnicity or any other protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *INS v.*

14-73694

*Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide some evidence of [motive], direct or circumstantial"). Thus, his asylum claim fails.

In this case, because Jeronimo-Matias failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

14-73694