**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NUBIA GRACIBEL MARTINEZ-GUTIERREZ; et al., | No.   18-72498 |
| Petitioners, | Agency Nos.   A208-163-858 |
| v. | A208-163-859 |
| | A208-163-860 |
| | A208-166-187 |
| WILLIAM P. BARR, Attorney General, | A208-166-188 |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Nubia Gracibel Martinez-Gutierrez, her husband, and three children, natives

and citizens of Honduras, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their applications for asylum, withholding of removal, and relief under the

_____

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

§ 1252. We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163,

1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's

interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371

F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's

factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014).

We review de novo claims of due process violations in immigration proceedings.

*Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for

review.

The agency did not err in finding that petitioners failed to establish

membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125,

1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group,

"[t]he applicant must 'establish that the group is (1) composed of members who

share a common immutable characteristic, (2) defined with particularity, and (3)

socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26

I. & N. Dec. 227, 237 (BIA 2014))). Substantial evidence supports the agency's

conclusion that petitioners failed to establish that the harm they suffered or fear in

Honduras was or would be on account of a protected ground. *See Zetino v. Holder*,

622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from

harassment by criminals motivated by theft or random violence by gang members

18-72498

bears no nexus to a protected ground.").  Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Honduras.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary state action for CAT relief).

Petitioners' contention that the agency violated their due process rights is unpersuasive.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**