NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MARTIR HERNANDEZ MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.  15-71936<br>16-71066<br><br>Agency No. A094-318-850<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Jose Martir Hernandez Martinez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

application for withholding of removal and the BIA's subsequent denial of his

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a)(1). *See Garcia v. Holder*, 621 F.3d 906, 911 (9th Cir. 2010) (court has jurisdiction over denial of motion to reopen when "the relief is the same but the basis or reason for it is different"). We deny in part and dismiss in part the petitions.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the BIA's denial of a motion to reopen. *Garcia*, 621 F.3d at 912.

The BIA did not err in finding that Hernandez Martinez did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Reyes v. Lynch*, 842 F.3d 1125, 1138-40 (9th Cir. 2016) ("deportees from the United States to El Salvador" are not a cognizable social group). Our conclusion is not affected by the differing nexus

15-71936

standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground).

We lack jurisdiction to consider any newly proposed social group or claim based on a political opinion because those arguments were not exhausted in the agency proceedings. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc). Thus, the withholding claim fails.

The BIA did not abuse its discretion in denying Hernandez Martinez's motion to reopen on the ground that he failed to make a prima facie case for exceptional and extremely unusual hardship. *See Garcia*, 621 F.3d at 912-14.

No. 15-71936: **PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

No. 16-71066: **PETITION FOR REVIEW DENIED.**