**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 28 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NILDA MARIA GARCIA-MARTINEZ; et al., | No. 18-71837 |
| Petitioners, | Agency Nos. A206-804-009 A206-804-010 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Nilda Maria Garcia-Martinez and her son, natives and citizens of Honduras,

petition pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and relief under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

The BIA did not err in finding that petitioners did not establish membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).  Substantial evidence supports the BIA's determination that petitioners did not otherwise establish that they were or would be persecuted on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  Thus, petitioners' asylum and withholding of removal claims fail.

18-71837

Substantial evidence also supports the agency's denial of CAT relief because Garcia-Martinez failed to show that it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**