**NOT FOR PUBLICATION**

**FILED**

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS ERNESTO GONZALEZ, AKA Carlos Gonzalez, AKA Carlos E. Gonzalez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.    16-72044 <br><br> Agency No. A094-304-182 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Carlos Ernesto Gonzalez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gonzalez only seeks review of the claim for CAT relief. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

The agency did not fail to consider evidence relevant to the possibility of future torture. *See Madrigal v. Holder*, 716 F.3d 499, 508-09 (9th Cir. 2013) (agency has duty to consider all relevant evidence, and failure to do so requires remand). Nor did it adopt impermissibly narrow limitations on what might constitute governmental acquiescence to torture. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006) (remanding when agency used incorrect legal standard). Substantial evidence supports the agency's denial of CAT relief because Gonzalez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (failure to establish the necessary

16-72044

"state action" for CAT relief).  Thus, the claim for CAT relief fails.

**PETITION FOR REVIEW DENIED.**