NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS FIGUEROA-VASQUEZ, AKA Vicente Figueroa, AKA Vicente Figueroa Vasquez, AKA Jesus Francisco Fiqueroa, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 15-71436 Agency No. A077-276-420 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Jesus Figueroa-Vasquez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Figueroa-Vasquez failed to establish materially changed circumstances affecting his eligibility for asylum that might excuse the untimeliness of his application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)(i); *Sumolang v. Holder*, 723 F.3d 1080, 1082-83 (9th Cir. 2013) (reviewing for substantial evidence a changed-circumstances determination based on undisputed facts). The country conditions evidence Figueroa-Vasquez submitted does not show that circumstances in Mexico changed or worsened in a way that would materially affect his eligibility for relief.

Even assuming the 2011 incident involving Figueroa-Vasquez's uncle qualified as a changed circumstance, substantial evidence supports the agency's conclusion that Figueroa-Vasquez failed to file his asylum application within a reasonable period after that incident. *See Al Ramahi v. Holder*, 725 F.3d 1133,

1138 (9th Cir. 2013) (reviewing "reasonable period" determination for substantial evidence). Accordingly, his asylum claim fails.

The agency's denial of withholding of removal is supported by substantial evidence because Figueroa-Vasquez failed to demonstrate a clear probability of persecution based on his membership in a particular social group or any other protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Therefore, Figueroa-Vasquez's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because Figueroa-Vasquez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Finally, the record does not support Figueroa-Vasquez's assertion that the agency failed to consider relevant country conditions evidence or otherwise failed to review and consider the evidence presented. *See, e.g.*, *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894-95 (9th Cir. 2018) ("There is no indication that the IJ or BIA did not consider all the evidence before them.").

The temporary stay of removal remains in place until issuance of the mandate.

15-71436

**PETITION FOR REVIEW DENIED.**